No. 70,780

In the Matter of GARY W. LONG, II, *Respondent.*

(877 P.2d 421)

Opinion filed July 8, 1994.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Jeffrey A. Dehon*, of Kansas City, argued the cause for respondent, and respondent argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Gary W. Long, II, of Kansas City, Kansas, an attorney admitted and licensed to practice law in the State of Kansas. The facts are not disputed, and the case was handled by stipulation.

There are three complaints: B5482, B5512, and B5520. All of the cases arose out of respondent's representation of clients in the federal courts. Highly summarized, respondent's present infractions are as follows.

### B5482

This complaint arises out of a pro se action filed in 1988 in the United States District Court for the District of Kansas alleging that the complainant had been discriminated against due to her age and handicap. Respondent was appointed to represent complainant. Two months after he was appointed, respondent received a motion and order to show why the summons and complaint had not been served on the defendant within 120 days of the filing of the complaint. Respondent requested additional time to serve the summons and complaint and was granted 120 days from October 6, 1988, to serve the defendant.

On April 11, 1989, the defendant in the discrimination suit filed an answer using as a defense the fact that as of that date the defendant still had not been served. On July 27, 1989, the defendant filed a motion to dismiss for failure of the plaintiff to effect timely service.

On July 31, 1989, respondent filed a motion to file an amended complaint. The motion was denied because respondent failed to comply with the court rules in filing a memorandum and a copy of the amended pleading with the motion.

The case was subsequently dismissed for failure to properly serve the defendant. Respondent filed a motion requesting that the claim be reinstated and that he be allowed to withdraw from the case.

The United States District Court allowed complainant's claim to be reinstated but denied respondent's request to withdraw and gave respondent an additional 30 days to effect proper service.

Three months later, the defendant filed a renewed motion to dismiss, as the defendant still had not been properly served. The case was subsequently dismissed. The complainant filed a pro se appeal to the 10th Circuit Court of Appeals, which affirmed the dismissal.

Respondent stipulated to the above facts and agreed that he had violated MRPC 1.1 (1993 Kan. Ct. R. Annot. 258) (failure to competently represent his client), MRPC 1.3 (1993 Kan. Ct. R. Annot. 263) (failure to act with diligence and promptness), and MRPC 3.2 (1993 Kan. Ct. R. Annot. 313) (failure to make a reasonable effort to expedite litigation).

B5512

In March of 1992, respondent was retained to represent the complainant in a Chapter 7 bankruptcy. A petition was prepared and promptly filed. The complainant then notified respondent that the amount owing to a bank needed to be corrected. The amendment was not prepared and filed, and at the first meeting of creditors the complainant testified that he would be signing the amended schedule that afternoon in respondent's office. After the hearing, respondent informed the complainant that he had not yet made the corrections and that he would prepare them and send them to the complainant over the following weekend. He failed to do so.

The complainant called respondent's law office on numerous occasions and spoke with respondent's secretary and his assistant. A letter to respondent was ignored. The complainant sent a letter

to the Office of Judicial Administration inquiring as to the procedure for filing a complaint against an attorney. A copy of that letter was sent to respondent. Respondent still failed to reply. A complaint was filed with the Disciplinary Administrator's office, and respondent failed to respond. Finally, respondent prepared the amended schedule and mailed it to the complainant, who signed it and returned it to respondent.

Respondent stipulated to the above facts and agreed that he had violated MRPC 1.3 (1993 Kan. Ct. R. Annot. 263) (failure to act with diligence and promptness), MRPC 1.4 (1993 Kan. Ct. R. Annot. 267) (failure to communicate with a client and keep the client reasonably informed), and Supreme Court Rule 207 (1993 Kan. Ct. R. Annot. 170) (failure.to cooperate with the Disciplinary Administrator's investigation).

## B5520

Respondent was retained as counsel to take a criminal appeal from the United States District Court to the 10th Circuit Court of Appeals. He promptly filed a notice of appeal but failed to timely docket the appeal and failed to arrange for the payment of a transcript. He received an order to show cause why he should not be disciplined for his failure to prosecute the defendant's appeal. He filed a response requesting that the defendant be found indigent and that the court pay for the costs of the transcript.

Respondent failed to obtain leave to appeal *in forma pauperis* on behalf of the defendant and did not comply with the provisions of Rule 24 of the Federal Rules of Appellate Procedure by filing the required affidavit of indigency by the defendant. He was ordered to obtain the defendant's affidavit and submit it to the district court or show cause within 10 days why he should not be disciplined for failure to prosecute the appeal. Respondent made a trip out of state to obtain the defendant's signature on the affidavit but did so on a weekend, and no notary public was available. Respondent signed the document himself, which was not in compliance with the rules, and the affidavit was held insufficient.

The 10th Circuit struck respondent from the docket as counsel for the defendant. The federal public defender for the district of Kansas was appointed to represent the defendant, and his appeal

has been processed. Respondent, who was not a member of the 10th Circuit Bar, has been barred from membership in that court, and a disciplinary proceeding is pending against him in the United States District Court for the District of Kansas at this time.

Respondent stipulated to the above facts and agreed that he had violated MRPC 1.1 (1993 Kan. Ct. R. Annot. 258) (failure to competently represent his client), MRPC 1.3 (1993 Kan. Ct. R. Annot. 263) (failure to act with diligence and promptness), and MRPC 3.2 (1993 Kan. Ct. R. Annot. 313) (failure to make a reasonable effort to expedite litigation).

The disciplinary panel found that respondent's law office was inadequately staffed when he accepted employment in several federal court actions. It also found that he had restructured his practice in 1992 by referring selected files that he did not have experience to handle to other attorneys and by using a computer to control his docket and other deadlines. He has since confined his practice to matters he feels qualified to handle. The Disciplinary Administrator did not charge intentional or willful misconduct on the part of respondent, and the panel found there was no evidence to show such a pattern of misconduct. The panel was of the opinion that with proper supervision respondent will avoid past errors and practices. We believe respondent should have that opportunity.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Gary W. Long, II, be and is hereby suspended, and he is placed on supervised probation for a period of two years from the date of this order.

IT IS FURTHER ORDERED that during the probation period respondent's practice of law is to be supervised by Jeffrey A. Dehon according to the plan submitted to this court, with quarterly reports sent to the Disciplinary Administrator concerning the status of respondent's practice as well as the status of his trust account. The schedule for the reports will be set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever dis-

ciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.